**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

Dated: January 28 2010

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-36075 |
| | ) | |
| Cody Alan Taylor | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

This case came before the court upon its own initiative under Fed. R. Bankr. P. 2017(a) to review counsel's fees of $1,0000 under 11 U.S.C. § 329(b). The court held a hearing on January 13, 2010, attended by Attorney for Debtor. Debtor contacted court staff by telephone and asked if he was required to attend the hearing. At the court's direction, Debtor was informed that he did not have to attend, and he did not.

Counsel's Rule 2017 Disclosure of Compensation of Attorney for Debtors reports a flat fee of $1,000. The disclosure form also reports that his fee agreement with Debtors excludes "[r]epresentation of the debtors in any...relief from stay actions." [Doc. #1, p. 35/48]. No written fee agreement was produced by counsel at the hearing, and the court did not order counsel to produce it. The court does not know even after the hearing whether the disclosure form accurately represents the terms of the fee agreement. Counsel did not indicate whether stay relief actions were in fact excluded from a written fee agreement with Debtor, or whether perhaps an additional post-petition fee amount for representation in such matters was agreed upon. Counsel indicated that he believed the exclusionary statement on the form originated in the

bankruptcy petition software he uses.

Three motions for relief from stay were in fact filed in this case, all by the same credtior. In seeming furtherance of the stated exclusion from representation for the specified flat fee amount in the disclosure form, Debtor's counsel filed two documents regarding the motions that were drafted and prepared not by him but by the Debtor--an objection and a withdrawal of the objection. *See* Doc. ## 19, 20.

Although the specifics leading to the filing by counsel of the documents prepared by Mr. Taylor in this case were not illuminated at the hearing beyond what the court discerns from the record, the court finds two problems with the foregoing events based on the filed record .

First, any general exclusion from representation regarding motions for relief from stay is unacceptable. When an attorney undertakes representation of a bankruptcy debtor in a filed bankruptcy case he or she is agreeing to do so for the entire case and not for bits and parts of it in the absence of withdrawal authorized by the court. *See In re Collmar*, 417 B.R. 920, 921 (Bankr. N.D. Ind. 2009). Under L.B.R. 2090-1, the admission of attorneys to practice in this court is governed by the standards of the United States District Court for the Northern District of Ohio. Under Rule 83.7 of the Local Civil Rules of the United States District Court for the Northern District of Ohio, attorneys admitted to practice in that court are bound by the ethical standards of the Ohio Rules of Professional Conduct. Rule 1.2(c) of the Ohio Rules of Professional Conduct allows a lawyer to "limit the scope of a new or existing representation if the limitation is reasonable under the circumstances and communicated to the client, preferably in writing."

The record does not show whether any such limitation was communicated to Debtor, in writing or otherwise. Regardless, the court finds that any such limitation is not reasonable under the instant circumstances. The automatic stay is one of the cornerstones of the Bankruptcy Code and of the fresh start policy that is a fundamental underpinning of the goals of the bankruptcy process. That is true even in an individual consumer Chapter 7 case like this one where the automatic stay generally functions in a short term manner as a stepping stone to discharge, *see* 11 U.S.C. § 362(c), and where defenses to requests for relief by secured creditors are likely to be very limited on both the facts and the law, as in this case. As an indivisible part of the bankruptcy process from start to finish, however, the court finds that any exclusion of the obligation to represent this Debtor in connection with relief from stay motions is unreasonable.

Second, it is unacceptable practice in this court for attorneys to file responses to pending motions that have not been prepared and signed by counsel. To the extent that there is disagreement between counsel and client about a defense or response, or an additional disclosed fee that may be sought or due, and in light of the obligations imposed under Rule 9011, counsel may seek the court's permission to withdraw from

2

further representation of debtor. *See* Rule 1.16 of the Ohio Rules of Professional Conduct. Alternatively, before this particular judge, and as indicated at the hearing, in the context of stay relief motions, which require expedited action by the court under § 362(e), counsel may file a request for a preliminary hearing at which *a debtor accompanied by counsel* may present his or her concerns and perceived defenses to be addressed by the moving creditor and directly by the court.

The court has reviewed the entire record of this case in light of the foregoing and based on the limited additional information provided at the hearing. The court notes that Debtor has now received his discharge and that ultimately he did not further pursue defense of the motions for relief from stay in issue on his own, with the motions being granted. The overall fee charged by counsel in this case is not otherwise unreasonable given Debtor's overall financial and personal circumstances and the other services required to address them as shown on the schedules and statement of affairs. The court will therefore not require any part of the $1,000 flat fee paid by Debtor to be disgorged as unreasonable, however, any general exclusion of representation in connection with stay relief motions will not be permitted in future individual Chapter 7 cases.

**IT IS SO ORDERED.**